UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YARIEL JIMENEZ MAYEA,

       Petitioner,

    v.

                              Case No.:  2:26-cv-00574-SPC-DNF

ICE *et al*,

       Respondents,

                                  /

## **OPINION AND ORDER**

Before the Court are petitioner Yariel Jimenez Mayea's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 9).  For the below reasons, the Court denies the petition.

Jimenez Mayea is a native of Cuba who entered the United States on February 2, 2022.  Following a conviction for conspiracy to transport aliens, Immigration and Customs Enforcement ("ICE") served Mayea an administrative removal order on July 7, 2023, and released him under an order of supervision.

When Jimenez Mayea reported to ICE for a check-in appointment on January 10, 2026, ICE revoked the order of supervision, arrested him, and detained him at Alligator Alcatraz.  ICE scheduled Mayea for removal to Mexico on January 30, 2026, and transferred him to a detention center near the Texas-Mexico border.  Jimenez Mayea refused to comply with removal to

Mexico, so ICE issued a written warning, advising him of his responsibility to assist in the removal process. ICE intends to make another attempt at removal to Mexico soon. Jimenez Mayea argues his detention violates the Fifth Amendment.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Jimenez Mayea's petition is premature because his current detention has not exceeded 180 days. They assume the six-month presumptively reasonable period of detention resets each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Jimenez Mayea has not carried his initial burden. Even when reading the petition liberally, there is no basis for the Court to conclude that removal to Mexico is not likely in the reasonably foreseeable future. What is more, the government has presented evidence that (1) ICE scheduled Jimenez Mayea for removal to

Mexico and brought him to a facility near the Texas-Mexico border, (2) Jimenez Mayea thwarted removal by refusing to cooperate, (3) ICE issued a written warning of the consequences of failing to assist with removal efforts, and (4) ICE intends to attempt removal to Mexico again soon.   Jimenez Mayea provides no reason to believe ICE will not be able to execute the removal order in the reasonably foreseeable future if he cooperates.

Accordingly, it is hereby

**ORDERED:**

Yariel Jimenez Mayea's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on March 19, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record